KM

1
2
3
4
5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   Alex Medina, et al.,                    )   No. CV 1-07-1756-DCB
                                            )
10              Plaintiffs,                 )   **ORDER**
                                            )
11  vs.                                      )
                                            )
12  Director of CDCR, et al.,               )
                                            )
13              Defendants.                 )
    _____)

14

15          Plaintiff Alex Medina, who is confined in the California State Prison, Corcoran, has

16  filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).  This case was

17  reassigned to the undersigned judge on November 25, 2008. The Court will dismiss the

18  Complaint with leave to amend.

19  **I.      Statutory Screening of Prisoner Complaints**

20          The Court is required to screen complaints brought by prisoners seeking relief against

21  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

22  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

23  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

24  be granted, or that seek monetary relief from a defendant who is immune from such relief.

25  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

26  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

27

28

JDDL

1  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

2  (en banc).

3      The Court should not, however, advise the litigant how to cure the defects.  This type

4  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

5  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

6  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

7  will be dismissed with leave to amend because the Complaint may possibly be saved by

8  amendment.

9  **I.    Class Action**

10     Plaintiff states that he intends to bring this suit as a class action and has attached the

11  signatures of twenty-four additional inmates who he states wish to be members of the class.

12  Plaintiff is not an attorney.  Accordingly, although Plaintiff may appear on his own behalf,

13  he may not appear as an attorney for other persons in a class action.  McShane v. United

14  States, 366 F.2d  286, 288 (9th Cir. 1966) (nonlawyer had no authority to appear as an

15  attorney for other persons in a purported class action); Oxendine v. Williams, 509 F.2d 1405,

16  1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow

17  inmates in a class action).  "This rule is an outgrowth not only of the belief that a layman,

18  untutored in the law, cannot 'adequately represent' the interests of the members of the

19  'class,' but also out of the long-standing general prohibition against even attorneys acting as

20  both class representative and counsel for the class."  Huddleston v. Duckworth, 97 F.R.D.

21  512, 514 (N.D. Ind. 1983).  Accordingly, Plaintiff's request that this action be certified as a

22  class action will be denied.

23     The Court notes that although other inmates have signed the Complaint, Plaintiff is

24  the only inmate granted in forma pauperis status.  Accordingly, the Court will allow Plaintiff

25  to continue in this action as an individual Plaintiff.  The Court will direct the Clerk of Court

26  to dismiss without prejudice the remaining Plaintiffs.  If any of the dismissed Plaintiffs wish

27  to pursue their claims, they may do so in individually filed actions.

28  . . .

JDDL                                    - 2 -

1    **II.     Failure to Comply with Rules 8 and 10 of the Federal Rules of Civil Procedure**

2          Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement

3    of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be

4    simple, concise, and direct."  A complaint having the factual elements of a cause of action

5    scattered throughout the complaint and not organized into a "short and plain statement of the

6    claim" may be dismissed for failure to satisfy Rule 8(a).  <u>See</u>  <u>Sparling v. Hoffman Constr.</u>

7    <u>Co.</u>, 864 F.2d 635, 640 (9th Cir. 1988); <u>see</u> <u>also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir.

8    1996).  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state

9    claims in "numbered paragraphs, each limited as far as practicable to a single set of

10   circumstances." Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each

11   claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

12   Fed. R. Civ. P. 10(b).  It is not the responsibility of the Court to review a rambling narrative

13   in an attempt to determine the number and nature of a plaintiff's claims.

14         Although Plaintiff has used a court-supplied form, the Court has reviewed Plaintiff's

15   Complaint and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of

16   Civil Procedure.  Plaintiff's Complaint is nothing more than a lengthy narrative.  The Court

17   cannot meaningfully review the Complaint, as required by 28 U.S.C. § 1915A(a).

18   Accordingly, the Court will dismiss the Complaint with leave to amend.

19   **III.    Leave to Amend**

20         For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

21   comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Within 30 days,

22   Plaintiff may submit a first amended complaint on the form provided with this Order.  If

23   Plaintiff fails to use the form provided with this Order, the Court may strike the amended

24   complaint and dismiss this action without further notice to Plaintiff.

25         Plaintiff must clearly designate on the face of the document that it is the "First

26   Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety

27   on the form provided with this Order and may not incorporate any part of the original

28   Complaint by reference.

1    Plaintiff must comply with the instructions provided with the form.  Plaintiff should

2    pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

3    with the instructions provided with the form, the Court may strike the amended complaint

4    and dismiss this action without further notice to Plaintiff.

5    Among other requirements contained in the instructions, Plaintiff must provide

6    information in an amended complaint regarding the Court's jurisdiction and the defendants,

7    and he must divide his lawsuit into separate counts.  In each count, Plaintiff must identify the

8    federal constitutional civil right allegedly violated, check the box for the issue most closely

9    involved, **state how each defendant participated in the alleged violation at issue, explain**

10   **how Plaintiff was injured by the alleged violation**, and mark whether Plaintiff exhausted

11   any available administrative remedies.  Plaintiff must repeat this process for each civil rights

12   claim.  A "'plaintiff . . . must assert his own legal rights and interests, and cannot assert the

13   legal rights or interests of third parties.'"  <u>Mothershed v. Justices of the Supreme Court</u>, 410

14   F.3d 602, 610 (9th Cir. 2005) (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975)).

15   Accordingly, Plaintiff may only raise claims for injuries he has personally suffered.  Plaintiff

16   may allege only one claim per count.

17   A first amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963

18   F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

19   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

20   nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original

21   complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d

22   565, 567 (9th Cir. 1987).

23   **IV.    Warnings**

24   **A.    Address Changes**

25   Plaintiff must file and serve a notice of a change of address in accordance with Rule

26   83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

27   a motion for other relief with a notice of change of address.  Failure to comply may result in

28   dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's request that his action be certified as a class action is **denied**.

(2)    The additional Plaintiffs, listed on page 19 of the Complaint, are **dismissed without prejudice**.

(3)    The Complaint (Doc. #1) is **dismissed** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(5)    The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 18th day of February, 2009.

David C. Bury
United States District Judge